UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| RACHEL BONANDER, LISA HOWE, AND JAMIE SOMMERS, <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW FRANK, RICK RAEMISCH, JAMES GREER, DAVID BURNETT, KEVIN KALLAS, DONALD HANDS, ANA BOATWRIGHT, CATHY JESS, HOLLY MEIER, STEVEN MERESS, JIMMIE BROWN, and JOHN/JANE DOE (UNKNOWN CORRECTIONS OFFICERS AND SUPERVISORS), <br><br> Defendants. | Case No. 11-CV-758-JPS <br><br><br><br><br><br> ORDER |

      The plaintiffs, several former inmates of Taycheeda Correctional Facility, filed their Complaint on August 11, 2011. (Docket #1). In the Complaint, they alleged a number of claims arising from abuse they suffered at the hands of a former correctional officer employed at Taycheeda. (Compl. ¶¶ 56–65). The plaintiffs named the abusive officer, Jimmie Brown (Brown) as a defendant; they also alleged claims against a number of Department of Corrections, Bureau of Health Services, and Taycheeda administrators and medical personnel. (Compl. ¶¶ 1–18).

      On September 8, 2011, the defendants filed their Answer and Motion to Dismiss. (Docket #4, 5). In their Motion, the defendants argued that the plaintiffs had failed to plead any facts that would show that the

administrative and medical defendants had notice of Brown's actions. (Def. Br. in Supp. 3–4). As such, the defendants stated that the plaintiffs' claim should be dismissed. (Def. Br. in Supp. 4).

Rather than filing a response, the plaintiffs filed their Amended Complaint on September 20, 2011. (Docket #9). In the Amended Complaint, the plaintiffs made substantial changes from the original version, adding many additional facts while leaving their claims for relief largely untouched. (*Compare* Compl. ¶¶ 1–55, 56–65, *with* Am. Compl. ¶¶ 1–107, 108–117).

In deciding whether to grant the defendants' motion to dismiss, the Court must make two determinations: first, whether the Court should consider the plaintiffs' Amended Complaint; and, second, if the Court accepts the Amended Complaint, whether the Amended Complaint rectifies the issues raised in the defendants' Motion to Dismiss, and can thus escape dismissal.

1.  DISCUSSION

    1.1  Plaintiffs' Amended Complaint

    　　1.1.1  Amended Complaint as a Matter of Right

The Court is not required to consider the plaintiffs' amended complaint as filed as a matter of right. Fed.R.Civ.P. 15(a) (granting a plaintiff the opportunity to amend a complaint "once as a matter of course" *only if* the amendment is made before the plaintiff is "served with a responsive pleading"); *Alioto v. Town of Lisbon*, --- F.3d ---, 2011 WL 2642369, *6 (7th Cir. July 7, 2011) (where answers had been filed, "the time for amending the complaint as a matter of right had long since passed."); *Foster v. DeLuca*, 545 F.3d 582, 583–584 (7th Cir. 2008); *Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995).

Generally, plaintiffs are allowed to file one amended complaint as a matter of right, so long as they file the complaint prior to the defendants' have filed a responsive pleading. Fed.R.Civ.P. 15(a), *Foster v. DeLuca*, 545 F.3d at 583–584; *Camp v. Gregory*, 67 F.3d at 1289. This rule even applies in the case that a defendant has filed a motion to dismiss alone, without having filed an answer. *Foster v. DeLuca*, 545 F.3d at 583–584 (citing Fed.R.Civ.P. 15(a) for the contention that a motion to dismiss does not constitute a responsive pleading); also citing *Crestview Vill. Apartments v. U.S. Dept. HUD*, 383 F.3d 552, 557 (7th Cir. 2004); *Wilhelm v. Eastern Airlines, Inc.*, 927 F.2d 971, 972 (7th Cir. 1991). But, after a defendant has filed a responsive pleading – such as an answer – the plaintiff's right to file an amended complaint is cut off. Fed.R.Civ.P. 15(a), *Alioto*, 2011 WL 2642369, *6.

Here, because the defendants simultaneously filed their Answer and Motion to Dismiss, the plaintiffs' right to file the Amended Complaint was cut off. Fed.R.Civ.P. 15(a), *Alioto*, 2011 WL 2642369, *6. In fact, as soon as the defendants filed the Answer, the plaintiffs could no longer file an amended complaint as a matter of course under Rule 15(a).

### 1.1.2 Other Grounds for Accepting the Amended Complaint

The single fact that the plaintiffs lost their right to file the Amended Complaint does not end the Court's inquiry, though. *See* Fed.R.Civ.P. 15(a)(2).

Under Rule 15(a)(2), a court "'should freely give leave [to file an amended complaint] when justice so requires.'" *Alioto*, 2011 WL 2642369 (quoting Fed.R.Civ.P. 15(a)(2); also citing *Soltys v. Costello*, 520 F.3d 737, 742–43 (7th Cir. 2008)). The Seventh Circuit has noted that the "free to give leave" standard does not apply if granting the amended complaint would create a conflict with a Rule 16 scheduling order already in place. *Alioto*, 2011

WL 2642369, *3 (citing *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). In the case that an amended complaint would conflict with a scheduling order, the Seventh Circuit allows courts to apply a heightened "good cause" standard to decide whether to allow the amendment. *Alioto*, 2011 WL 2642369, *3 (citing *Trustmark*, 424 F.3d at 553).

In this case, the Court needs only to apply the lower, "free to give leave" standard. Fed.R.Civ.P. 15(a)(2), *Soltys*, 520 F.3d at 742–42. At this point, the Court has not yet issued a Rule 16 scheduling order. (*See* Docket). Therefore, no conflicts exists, and the heightened standard would be inappropriate. *Alioto*, 2011 WL 2642369, *3 (citing *Trustmark*, 424 F.3d at 553).

The "free to give leave" standard "reflects a liberal attitude towards the amendment of pleadings." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848–49 (7th Cir. 2002). Typically, a court should deny an amendment only if the amendment is futile and would cause the other party undue prejudice. *Id.* Furthermore, particularly when there has been little delay between the original pleadings and the request to amend, a court should lean toward allowing the amendment. *See, e.g.*, *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994) (citing *Tamari v. Bache & Co.*, 838 F.2d 904, 908 (7th Cir. 1988)).

Applying the "free to give leave" standard, the Court will accept plaintiffs' Amended Complaint. Allowing the plaintiffs to amend their complaint would not cause the defendants any undue prejudice – rather, it allows the pleadings to more accurately reflect the facts of the case. Also, the amendment is not futile, as it will make the plaintiffs' complaint more likely to avoid being dismissed at this stage. Finally, there has not been any undue delay in the filing of the Amended Complaint – it was filed less than two months after the plaintiffs instituted the suit and only two weeks after the

defendants' Answer and Response. *See, e.g.*, *Alioto*, 2011 WL 2642369, *5 (affirming denial of amendment where plaintiff had defendants' motion and answer for more than two months); *Soltys*, 520 F.3d at 743 (affirming denial of amendment where there had been a fourteen month delay); *King*, 26 F.3d at 723 (affirming denial of amendment where there had been a three year delay).

The Court will note, though, that the plaintiffs have chosen to live rather dangerously: they filed only the Amended Complaint without any supporting motion or a response brief to the defendants' Motion to Dismiss. (*See* Docket #8, 9). Given that the plaintiffs did not have a right to file the amendments as a matter of course, *see* Section 1.1, *supra*, they should have at least filed a motion and memorandum supporting their filing. The plaintiffs' short letter in support of the amendments, which the Court will deem a motion to amend the pleadings, lists no case law and does not provide the Court with any reason to allow the amendments. (Docket #8).

Additionally, as the Seventh Circuit has stated, where a plaintiff "no longer retains the right to amend his complaint, the appropriate response to . . . motions to dismiss [is] to oppose the motions or risk abandoning the litigation." *Alioto*, 2011 WL 2642369, *6). If the Court had denied the plaintiffs' request to amend, the Court would also have been obliged to dismiss this case, given the original complaint's lack of supporting facts and the plaintiffs' failure to file any response brief that could persuade the court otherwise.

While the Court will allow the plaintiffs to amend the case here, the plaintiffs' lawyers should be aware that their actions were unwise and potentially fatal to the suit.

1.2  Motion to Dismiss

    1.2.1.  Motion to Dismiss Standard

In deciding a motion to dismiss, the Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *King v. Spalding*, 467 U.S. 69, 72 (1984). A plaintiff's complaint will survive a motion to dismiss so long as it "contains sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007)).

    1.2.2  Denial of Motion to Dismiss

Considering the Amended Complaint in light of this standard, the Court is obliged to deny the defendants' Motion to Dismiss.

In their supporting brief, the defendants argue that the plaintiffs failed to plead facts sufficient to demonstrate a claim for failure to protect under the Eighth Amendment. (Def.'s Br. in Supp., 2–3). The defendants correctly note that, to state a failure to protect claim, the plaintiffs were required to allege: (1) that they were "incarcerated under conditions posing a substantial risk of serious harm"; and (2) that the defendants were deliberately indifferent to that risk. (Def.'s Br. in Supp., 2–3 (quoting *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005)).

The defendants concede that the plaintiffs have stated sufficient facts, when taken as true, to satisfy the first prong of the failure to protect claim. (Def.'s Br. in Supp., 3).

However, the defendants argue that the plaintiffs have failed to state facts that could sufficiently show deliberate indifference to satisfy the second prong. (Def.'s Br. in Supp., 3). While this may have been true of the original

Complaint, the Amended Complaint adequately remedies the problem and should not be dismissed.

While the plaintiffs' Amended Complaint is not perfect, it is sufficiently close to stating a plausible claim for relief and, therefore, the Court will deny the defendants' Motion to Dismiss. The defendants correctly state that the Amended Complaint must allege that the defendants were *actually* aware of facts from which they could draw an inference "that a substantial risk of serious harm exist[ed]." (Def.'s Br. in Supp. 4 (quoting *Brown*, 398 F.3d at 913)). The plaintiffs' Amended Complaint comes sufficiently close to pleading facts that would show the defendants' actual awareness. (*See* Am. Compl. ¶¶ 55–107). The plaintiffs' allegations are rather perfunctory, listing each administrative and medical defendant and stating that each "knew *or should have known*" of facts that would create an inference of risk. (Am. Compl. ¶¶ 55–107) (emphasis added). Because these statements seek to establish either actual *or* constructive knowledge – in the subjunctive – on a strict reading, they fail to plead the actual knowledge required to satisfy the failure to protect claim. The Court realizes that this mistake on the part of the plaintiffs is little more than semantic, though; therefore, it finds that the Amended Complaint sufficiently pleads facts to survive a motion to dismiss.

Though the Court will deny the Motion to Dismiss, plaintiffs' counsel's poor word choice brought the Amended Complaint dangerously close to failing to satisfy the pleading standard. Indeed, had the Court construed the plaintiffs' words literally, it may well have dismissed the case.

Therefore, the Court directs that plaintiffs' counsel prepare and file a second amended complaint which uses the correct terminology to plead facts that demonstrate the defendants' *actual* knowledge.

Accordingly,

IT IS ORDERED that the defendants' Motion to Dismiss (Docket #5) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that the plaintiffs' counsel shall serve and file a second amended complaint on or before Friday, October 14, 2011, pleading facts that demonstrate actual knowledge on the part of the defendants.

Dated at Milwaukee, Wisconsin, this 3rd day of October, 2011.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge