UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RACHEL A. BONANDER, LISA HOWE,
and JAMIE L. SOMMERS,

                        Plaintiffs,

v.

MATTHEW FRANK, et al.

                        Defendants.

Case No. 11-CV-758-JPS

ORDER

       On October 3, 2011, this Court denied the first motion to dismiss filed by the defendants, individuals involved with the administration of the Taycheeda Correctional Institution (TCI) or Wisconsin's Bureau of Prisons (BOP). (Docket #10). In denying the motion to dismiss, the Court called for the plaintiffs, several female inmates who suffered sexual abuse at the hands of former correctional officer Jimmie Brown (Brown), to file an amended complaint using terminology that would correctly demonstrate actual knowledge, in order to satisfy the requirement of showing deliberate indifference to proceed with their Eighth Amendment claim. (Docket #10).

       In compliance with that request, the plaintiffs filed an amended complaint—their second. (Docket #13). In that second amended complaint, the plaintiffs alleged that the defendants' choice to house female inmates under the supervision of male correctional officers constituted deliberate indifference. (*See, e.g.*, Sec. Am. Compl. ¶ 57).

       On October 25, 2011, the defendants filed a motion to dismiss the plaintiffs' second amended complaint. (Docket #27). In support of that motion, the defendants argue that the plaintiffs' second amended complaint has failed to correct the deficiencies with the initial complaint; that is, the

defendants argue that the plaintiffs cannot establish deliberate indifference through their allegations relating to the employment of male officers in female correctional institutions. (Def.'s Br. in Supp. Sec. Mot. Dis., 3–4 (citing *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995))). The defendants argue that, because the plaintiffs have not alleged that the defendants had any knowledge of the danger Brown posed, the plaintiffs have not alleged facts consistent with deliberate indifference. (Def.'s Br. in Supp. Sec. Mot. Dis., 3–5). Quoting *Billman*, the defendants state that, if prison officials were to "place a prisoner in a cell that has a cobra, but they do not know that there is a cobra there (or even that there is a high probability that there is a cobra there), they are not guilty of deliberate indifference even if they should have known about that risk." (Def.'s Br. in Supp. Sec. Mot. Dis., 3 (quoting *Billman*, 56 F.3d at 788)).

The plaintiffs have responded to this argument by submitting both a response brief and a third amended complaint, the latter of which alleges that the defendants had actual knowledge of Brown's sexual abuse of the plaintiffs. (Docket #30; Docket #31 ¶¶ 108–114).

Ultimately, it is a very close call as to whether the plaintiffs' second amended complaint states a claim. From the pleadings, it is clear that the plaintiffs suffered grave physical and psychological injury at the hands of Brown. (Sec. Am. Compl., ¶¶ 19–54). The plaintiffs also allege that the defendants failed to take precautions, such as instituting rules, regulations, and procedures to deal with correctional officer fraternization with inmates. (*See, e.g.*, Sec. Am. Compl. ¶ 59).

So, as the Court views this situation in the context of *Billman's* snake analogy, the plaintiffs may not have alleged that the defendants *knew* a cobra was slithering through the cells at TCI. 56 F.3d at 788. Rather, the plaintiffs

have alleged that the defendants, themselves, released a box full of snakes (male correctional officers) into the prison, not knowing whether a cobra (Brown) was in the mix. And, when it came time to take precautions against injury, perhaps by confining the snakes to a certain area (instituting fraternization policies), the defendants turned a blind eye. While this may not explicitly allege deliberate indifference, the Court believes that it certainly states a claim that is much more grave than the unknowing or even reckless internment of a prisoner in a cell with a cobra.

Regardless, though, the Court grants the plaintiffs' motion for leave to file a third amended complaint, and—having examined it for deficiencies—finds that this complaint rectifies the pleading problems to which the defendants have objected. The Court "'should freely give leave [to file an amended complaint] when justice so requires.'" *Alioto v. Town of Lisbon*, —F.3d —, 2011 WL 2642369, *6 (7th Cir. July 7, 2011) (quoting Fed. R. Civ. P. 15(a)(2); also citing *Soltys v. Costello*, 520 F.3d 737, 742–43 (7th Cir. 2008)). Here, the Court believes that justice requires it to give leave to file an amended complaint because: (1) the plaintiffs' prior amended complaint came very near to alleging deliberate indifference, and certainly alleged a very severe situation; (2) the plaintiffs have corrected any remaining deficiencies with their third amended complaint; and (3) the parties will not suffer any undue prejudice or delay from the filing of the amended complaint.

Of course, allowing this third amended complaint does not guarantee that the plaintiffs can prove that the defendants had actual knowledge and were deliberately indifferent. In their third amended complaint, the plaintiffs allege that the defendants had actual knowledge of the abuse, by virtue of their positions as supervisors and their access to reports of abuse. In time, the

parties will engage in discovery, which will reveal whether the defendants truly did have this knowledge of the danger to the plaintiffs. In the meantime, the Court finds that the plaintiffs' third amended complaint adequately alleges facts to survive this motion to dismiss.

Commensurate with this order, the Court has issued a hearing notice calling for counsel for the parties to appear at a Rule 16 Scheduling Conference before the Court. Prior to that scheduling conference, the Court will expect the parties to submit a joint scheduling order setting forth relevant dates for discovery, completion of settlement discussions, and submissions of dispositive motions.

Accordingly,

IT IS ORDERED that the defendants' motion to dismiss the plaintiffs' second amended complaint (Docket #27) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge